IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:23-cv-527

| | |
|---|---|
| TYLIYA J. NELSON<br><br>    Plaintiff<br><br>    v.<br><br>THREE POINTS CENTER, LLC;<br>THREE POINTS CENTER NORTH<br>CAROLINA, LLC; THREE POINTS<br>PROPERTIES, LLC; THREE<br>POINTS PROPERTIES NORTH<br>CAROLINA, LLC; THREE POINTS<br>ACADEMY, INC., & THANE<br>PALMER<br><br>    Defendants. | **DEFENDANTS' ANSWER AND<br>DEFENSES TO PLAINTIFF'S<br>COMPLAINT**<br>**(Jury Trial Demanded)** |

Defendants Three Points Center, LLC, Three Points Center North Carolina, LLC, Three Points Properties, LLC; Three Points Properties North Carolina, LLC; Three Points Academy, Inc., & Thane Palmer (collectively, "Defendants") by and through counsel, respond to Plaintiff Tyliya J. Nelson's Complaint [Doc No.1] as follows:

**FIRST DEFENSE**

The Court lacks subject matter jurisdiction over the non-employer Defendants. Plaintiff was employed solely by Three Points Center North Carolina, LLC. Whereas, Defendants Three Points Center, LLC, Three Points

1

4889-7456-2423.v7

Properties, LLC, Three Points Properties North Carolina, LLC and Three Points Academy, LLC, and Thane Palmer, individually, did not employ Plaintiff (nor did they have a contract with Plaintiff) and, therefore, are not subject to suit or liability for Plaintiff's alleged claims under Title VII or Section 1981.

Further, venue in this judicial district is not proper as to Defendants Three Points Center, LLC, Three Points Properties, LLC, Three Points Properties North Carolina, LLC or Three Points Academy, Inc., for the reasons more fully set forth in this Answer to Complaint.

## SECOND DEFENSE

The Complaint fails to state, in whole or in part, a claim against Defendants for which relief can be granted, and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil. Defendants Three Points Center, LLC, Three Points Properties, LLC, Three Points Properties North Carolina, LLC and Three Points Academy, LLC, and Thane Palmer, did not employ Plaintiff (nor did they have a contract with Plaintiff) and, therefore, are not subject to suit or liability for Plaintiff's alleged claims under Title VII of the Civil Rights of 1964, as amended ("Title VII") or 42 U.S.C. § 1981 ("Section 1981"). Defendant Three Points Center North Carolina, LLC did not engage in any violations of Title VII or Section 1981, as more fully set forth in this

2

4889-7456-2423.v7

Answer to Complaint. Accordingly, claims against all Defendants should be dismissed in their entirety.

## THIRD DEFENSE

Three Points Center North Carolina, LLC terminated Plaintiff's at-will employment for a legitimate business reason. Any employment actions taken against Plaintiff, including, but not limited to, her termination of employment by Three Points Center North Carolina, LLC were taken in good faith for legitimate, nondiscriminatory and non-retaliatory reasons.

## FOURTH DEFENSE

Defendants plead lack of subject matter jurisdiction over all or part of the subject in bar of all or part of Plaintiff's claims. All claims brought pursuant to Title VII which were not included in Plaintiff's charge filed with the EEOC or investigated by the EEOC are barred because of Plaintiff's failure to satisfy the statutory prerequisites and/or because of lack of subject matter jurisdiction.

## FIFTH DEFENSE

Plaintiff's claims are barred because Defendants committed no act or omission with the intent to cause harm, injury or other damage to Plaintiff.

## SIXTH DEFENSE

Plaintiff is not entitled to some or all of the relief requested in the Complaint because Defendants' actions were not malicious, egregious, in bad

3

faith, or in willful or reckless indifference or disregard of any legal rights of Plaintiff.

### SEVENTH DEFENSE

Some or all of Plaintiff's claims are barred because, even if Defendant Three Points Center North Carolina, LLC were to have considered any impermissible factors in any decisions or actions with respect to Plaintiff, which is denied, Defendant Three Points Center North Carolina, LLC would have taken the same action with regard to Plaintiff's employment regardless of impermissible factors.

### EIGHTH DEFENSE

To the extent Plaintiff was treated differently from other similarly-situated employees on the basis of race, if at all, such different treatment was based on factors other than alleged unlawful reasons. Reasonable care was exercised to prevent and correct promptly any discriminatory or retaliatory behavior that may have occurred, as alleged by Plaintiff, and Plaintiff unreasonably failed to take advantage of preventive or corrective opportunities provided to Plaintiff or to otherwise avoid hard.

4889-7456-2423.v7

### NINTH DEFENSE

Plaintiff did not engage in legally protected activity and, notwithstanding, Plaintiff was not terminated for engaging in any alleged protected activity.

### TENTH DEFENSE

Some or all of Plaintiff's claims are barred by their applicable statutes of limitations and/or limitation periods.

### ELEVENTH DEFENSE

Some or all of Plaintiff's claims are barred by her failure to exhaust statutorily required administrative processes.

### TWELFTH DEFENSE

Plaintiff's claims for damages are barred or subject to reduction, in whole or in part, by the doctrine of mitigation of damages. Plaintiff willfully incurred, contributed to, and/or failed to take reasonable measures to mitigate damages.

### THIRTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of waiver, laches, consent and/or estoppel.

4889-7456-2423.v7

## FOURTEENTH DEFENSE

Plaintiff has failed to allege ultimate facts, or make the requisite showing, that would render Defendants liable for punitive damages under Title VII, 42 U.S.C. § 1981, and/or North Carolina law.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred by after-acquired evidence showing that Plaintiff committed egregious misconduct during her employment for which her employment would have been terminated, if known.

## RESERVATION OF RIGHTS

Defendants reserve the right to assert any and all additional defenses as may be determined necessary during the course of discovery.

## SIXTEENTH DEFENSE AND ANSWER TO COMPLAINT

Defendants respond to the corresponding labeled and numbered paragraphs of Plaintiff's Complaint, as follows:

### Plaintiff's Statement of the Case

Defendants admit that Plaintiff seeks to assert claims pursuant to Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. § 1981. Defendants specifically deny Plaintiff's inaccurate and inflammatory Statement of the Case and all such allegations contained therein are denied.

4889-7456-2423.v7

## Venue, Jurisdiction & Administrative Proceedings

1.      It is denied that jurisdiction and venue is proper except as to Three Points Center North Carolina LLC. It is expressly denied that Defendants are an "integrated enterprise" or a "single" employer.

2.      It is denied that jurisdiction and venue is proper except as to Three Points Center North Carolina LLC. It is expressly denied that Defendants are an "integrated enterprise" or a "single" employer.

3.      It is denied that jurisdiction and venue is proper except as to Three Points Center North Carolina LLC. It is expressly denied that Defendants are an "integrated enterprise" or a "single" employer.

4.      Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 4 and the same are therefore denied.

5.      It is admitted that Exhibit A to the Complaint is a written document which speaks for itself. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 5 and the same are therefore denied.

6.      It is denied that jurisdiction and venue is proper except as to Three Points Center North Carolina LLC. It is expressly denied that Defendants are an "integrated enterprise" or a "single" employer.

4889-7456-2423.v7

Case 1:23-cv-00527-LCB-JLW   Document 7   Filed 08/25/23   Page 7 of 27

7.      It is denied that jurisdiction and venue are proper except as to Three Points Center North Carolina LLC. It is expressly denied that Defendants are an "integrated enterprise" or a "single" employer. The remaining allegations on Paragraph 7 are denied.

## Parties

8.      It is admitted that Plaintiff was employed by Three Points Center, North Carolina, LLC in the role of mentor from in or around December 2021 until April 6, 2022. It is admitted upon information and belief that Plaintiff is a black female. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of Plaintiff's residency. Except as expressly admitted, the remaining allegations in Paragraph 8 are denied.

9.      The allegations of Paragraph 9 are denied.

10.     It is expressly denied that Defendants are an "integrated enterprise" or a "single" employer. The remaining allegations of Paragraph 10 call for a legal conclusion to which no response is required, and, to the extent a response is required, such allegations are denied.

11.     It is admitted that Exhibit B to the Complaint is a written document which speaks for itself and is the best evidence of its contents. Except as expressly admitted, the allegations of Paragraph 11 are denied.

12.     It is admitted that Three Points Center, LLC, Three Points Center North Carolina, LLC, and Three Points Academy, Inc., were voluntarily

8

dissolved in the state of Colorado on or about June 5, 2023. Except as expressly admitted, the allegations of Paragraph 12 are denied.

13. It is admitted that Three Points Center, LLC operates a residential treatment program for adopted teens in the state of Utah and that Three Points Center North Carolina, LLC operates a non-public boarding school for adopted teens in the state of North Carolina, which also offers therapy services. Except as expressly admitted, the remaining allegations of Paragraph 13 are denied.

14. It is admitted that Three Points Center, LLC, a Colorado limited company, was voluntarily dissolved in the state of Colorado on or about June 5, 2023. Except as expressly admitted, the remaining allegations of Paragraph 14 are denied.

15. It is admitted that Three Points Center North Carolina, LLC, a Colorado limited liability company, was voluntarily dissolved in the state of Colorado on or about June 5, 2023. Except as expressly admitted, the remaining allegations of Paragraph 15 are denied.

16. It is admitted that Three Points Properties, LLC, a Utah limited liability company, is the record owner of real property utilized by Three Points Center, LLC, in Utah. Except as expressly admitted, the remaining allegations of Paragraph 16 are denied.

9

17. It is admitted that Three Points Properties North Carolina, LLC, a Colorado limited liability company, was voluntarily dissolved in the state of Colorado on or about June 5, 2023 and reorganized in the state of Utah. It is admitted that Three Points Properties North Carolina, LLC is the record owner of the real property in Chatham County, North Carolina utilized by Three Points Center North Carolina, LLC and that Plaintiff's employment with Three Points Center North Carolina, LLC ended on April 6, 2022. Except as expressly admitted, the remaining allegations of Paragraph 17 are denied.

18. It is admitted that Three Points Academy, Inc., a Colorado non-profit corporation, was voluntarily dissolved in the state of Colorado on or about June 5, 2023 and reorganized in the state of Utah. Except as expressly admitted, the remaining allegations of Paragraph 18 are denied.

19. It is admitted that Palmer is the President of some, but not all, of the entities, which Plaintiff collectively defines as "Three Points Center". It is further admitted that Palmer maintains a residence in Chatham County, North Carolina. Except as expressly admitted, the remaining allegations of Paragraph 19 are denied.

20. To the extent that Plaintiff alleges that Palmer made the decision to terminate Plaintiff's employment, or that his authorization was required to terminate Plaintiff's employment, the allegations are denied. The remaining

4889-7456-2423.v7

allegations in Paragraph 20 call for a legal conclusion to which no response is required, and to the extent a response is required, such allegations are denied.

21.     To the extent that Plaintiff alleges that a single entity or person owns at least 50% of all of the Defendants LLCs, the allegations are denied. The remaining allegations of Paragraph 21 call for a legal conclusion to which no response is required, and to the extent a response is required, such allegations are denied.

22.     The allegations of Paragraph 22 are denied.

23.     The allegations of Paragraph 23 are denied.

24.     The allegations of Paragraph 24 are admitted.

25.     The allegations in Paragraph 25 call for a legal conclusion to which no response is required. To the extent a response is required, the allegations of Paragraph 25 are denied.

26.     The legal proceeding referenced in footnote 1 of the Complaint speaks for itself. Defendants deny Plaintiff's characterization of said legal proceeding, and accordingly, the allegations in Paragraph 26 of the Complaint are denied.

27.     Defendants expressly deny Plaintiff's mischaracterization; it is expressly denied that students are/were moved back and forth between the facilities in Utah and North Carolina. It is admitted that Plaintiff assisted with the <u>one-time</u> travel of certain students from Utah to the then newly-opened

11

Three Points Center in North Carolina due to proximity and convenience of families and/or students. Except as expressly admitted, the remaining allegations of Paragraph 27 are denied.

28.     It is admitted that Three Points Center, LLC and Three Points Center North Carolina, LLC share a website. The remaining allegations of Paragraph 28 are denied.

29.     The internet domain/url cited in Paragraph 29 speaks for itself and is the best evidence of its contents. To the extent further response is required, the remaining allegations of Paragraph 29 are denied.

30.     The allegations of Paragraph 30 are denied.

31.     The allegations of Paragraph 31 are denied.

32.     It is admitted that Three Points Center North Carolina, LLC was Plaintiff's employer. The remaining allegations of Paragraph 32 are denied.

**Factual Allegations**

33.     The allegations of Paragraph 33 are denied.

34.     Defendants specifically deny Plaintiff's negative characterization in Paragraph 34. The website referenced in footnote 2 to Paragraph 34 speaks for itself and is the best evidence of its contents. The remaining allegations of Paragraph 34 are denied.

35.     It is admitted that Plaintiff was employed by Three Points Center North Carolina, LLC in the role of mentor from in or around December 2021

12

until April 6, 2022. It is admitted upon information and belief that Plaintiff is a black woman. The remaining allegations of Paragraph 35 are denied.

36.     To the extent that Plaintiff alleges that "constant supervision" constituted 24-hour supervision, then it is expressly denied that Plaintiff's role as a mentor in her employment with Three Points Center North Carolina, LLC required her to provide "constant supervision" or that Plaintiff provided "constant supervision." It is admitted that Plaintiff's hourly rate in her employment with Three Points Center North Carolina, LLC was $12.00. The remaining allegations of Paragraph 36 are denied.

37.     The allegations of Paragraph 37 are denied.

38.     It is admitted that Three Points Center North Carolina, LLC is a limited security facility in Chatham County, North Carolina designed to provide a safe experience for its students. The remaining allegations of Paragraph 38 are denied.

39.     It is admitted that, during her employment with Three Points Center North Carolina, LLC, Plaintiff was trained in methods to safely restrain a student if the student threatened physical harm to herself or others, and that Plaintiff may have utilized such training, as necessary, during her employment with Three Points Center North Carolina, LLC. The remaining allegations of Paragraph 39 are denied.

13

40.    The allegations of Paragraph 40 relate to Plaintiff's personal opinion and thus, no response is required.

41.    Defendants lack sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 41 and the same are, therefore denied.

42.    The allegations of Paragraph 42 are denied.

43.    It is admitted that Three Points Center North Carolina, LLC, prohibited the use of racial epithets or other racially derogatory language from staff or students, and that staff and students were counseled by Thane Palmer, accordingly. Except as expressly admitted, the allegations of Paragraph 43 are denied.

44.    The allegations of Paragraph 44 are denied.

45.    The allegations of Paragraph 45 are denied.

46.    The allegations of Paragraph 46 are denied.

47.    The allegations of Paragraph 47 are denied.

48.    It is admitted that Plaintiff reported late for her scheduled work shift on April 5. The remaining allegations of Paragraph 48 are denied.

49.    It is admitted that Plaintiff initiated a group text message with several employees of Three Points Center North Carolina, LLC on the morning of April 6, 2023 and that such text message speaks for itself and is the best

14

evidence of its contents. Except as expressly admitted, the allegations of Paragraph 49 are denied.

50. It is admitted that at times pertinent to the allegations in the Complaint, Craig Butcher was employed by Three Points Center of North Carolina, LLC as the Group Living Director. Except as expressly admitted, the remaining allegations of Paragraph 50 are denied.

51. The allegations of Paragraph 51 are denied. Defendants specifically deny Plaintiff's attempts to disparage and malign the operations of Three Points Center North Carolina, LLC and the other defendants by the use of the term "warden."

52. It is admitted that Craig Butcher met with Plaintiff, at Plaintiff's request, on the morning or April 6, 2023 concerning Plaintiff's dislike toward, and her unwillingness to work with, her supervisor(s). The remaining allegations of Paragraph 52 are denied.

53. It is denied that the partial quotes from a text message cited in Paragraph 53 accurately reflect Craig Butcher's communications with Plaintiff, and that the full and complete text messages speak for themselves and are the best evidence of the content of same. The remaining allegations of Paragraph 53 are denied.

54. Defendants admit that Craig Butcher and Plaintiff, both employees of Three Points Center of North Carolina, LLC at all pertinent times

15

to this action, had an in-person meeting at or around 11:00am on April 6, 2023 in the administrative building of Three Points Center of North Carolina, LLC. The remaining allegations of Paragraph 54 are denied.

55. It is admitted that during the April 6, 2023 meeting between Craig Butcher and Plaintiff, Plaintiff vaguely mentioned her displeasure with the conduct of co-workers of Three Points Center North Carolina, LLC, but did not provide details of her concerns to Craig Butcher. The remaining allegations of Paragraph 55 are denied.

56. It is admitted that during the April 6, 2023 meeting Craig Butcher and Plaintiff, Plaintiff vaguely mentioned her displeasure with the conduct of co-workers of Three Points Center North Carolina, LLC, but provided no details of her concerns to Craig Butcher. The remaining allegations of Paragraph 56 are denied.

57. It is admitted that, during the April 6, 2023 meeting between Plaintiff and Craig Butcher, and on numerous occasions prior to April 6, 2023, Plaintiff challenged her supervisor's lawful work instructions and directions to Plaintiff, and that Craig Butcher discussed the same with Plaintiff. Defendants admit also that Craig Butcher explained to Plaintiff the context of Palmer's coaching not to use racial slurs, which Plaintiff had clearly misinterpreted and continues to describe inaccurately in this Complaint. The remaining allegations of Paragraph 57 are denied.

4889-7456-2423.v7

58.    It is admitted that Craig Butcher explained to Plaintiff the context of Palmer's coaching not to use racial slurs, which Plaintiff had clearly misinterpreted and continues to describe inaccurately in this Complaint. The remaining allegations of Paragraph 58 are denied.

59.    It is denied that the partial quotes cited out of context in Paragraph 59 accurately reflect the content or context of Craig Butcher's communications with Plaintiff. Defendants admit that Craig Butcher counseled Plaintiff on her performance deficiencies, including, but not limited to, Plaintiff's excessive pattern of tardiness and absenteeism for which she had received written counselings and her irascible demeanor with her supervisors. It is further admitted that Craig Butcher also provided Plaintiff positive feedback about certain aspects of her performance. The remaining allegations of Paragraph 59 are denied.

60.    It is denied that the partial quotes cited out of context in Paragraph 60 accurately reflect the content or context of Craig Butcher's communications with Plaintiff. The remaining allegations of Paragraph 60 are denied.

61.    The allegations in Paragraph 61 are vague and incomprehensible. To the extent a response is required, the allegations of Paragraph 61 are denied.

62.    The allegations of Paragraph 62 are denied.

4889-7456-2423.v7

63.    It is denied that the partial quotes contained in Paragraph 63 accurately reflect the content or context of Craig Butcher's communications with Plaintiff. The remaining allegations of Paragraph 63 are denied.

64.    The allegations of Paragraph 64 are denied.

65.    The allegations of Paragraph 65 are denied.

66.    Defendants specifically deny Plaintiff's attempts to malign and disparage Three Points Center North Carolina LLC's business operations and/or its geographical location. The remaining allegations of Paragraph 66 are denied.

67.    It is admitted that during the April 6, 2023 meeting between Craig Butcher and Plaintiff, Plaintiff vaguely mentioned her displeasure with the conduct of co-workers of Three Points Center North Carolina, LLC, but did not provide details of her concerns to Craig Butcher. Except as expressly admitted, the remaining allegations of Paragraph 67 are denied.

68.    The allegations of Paragraph 68 are denied.

69.    It is admitted that in or around January 2022, Plaintiff and co-workers appropriated breakfast food inventories from Three Points Center North Carolina, LLC that was purchased and designed for meals for students, and then, without authorization, used the ingredients to prepare themselves a "private" breakfast, although Three Points Center North Carolina, LLC provided meals to staff such as Plaintiff during their scheduled work hours,

18

and that Plaintiff and the other staff members involved were questioned about their conduct by Craig Butcher upon discovery of the missing food. Except as expressly admitted, the remaining allegations of Paragraph 69 are denied.

70.    It is admitted that in or around January 2022, Plaintiff and some of Plaintiff's co-workers appropriated breakfast food inventory from Three Points Center North Carolina, LLC that was purchased and designed for meals for students, and then, without authorization, used the ingredients to prepare themselves a "private" breakfast, although Three Points Center North Carolina, LLC provided meals to staff such as Plaintiff during their scheduled work hours, and that Plaintiff and the other staff members involved were questioned about their conduct by Craig Butcher upon discovery of the missing food. It is further admitted that Craig Butcher's full and complete text message(s) speak for themselves and are the best evidence of the content of same. Except as expressly admitted, the remaining allegations of Paragraph 70 are denied.

71.    The allegations of Paragraph 71 are denied.

72.    It is admitted that in or around January 2022, Plaintiff and some of Plaintiff's co-workers appropriated breakfast food inventory from Three Points Center North Carolina, LLC that was purchased and designed for meals for students, and then, without authorization, used the ingredients to prepare themselves a "private" breakfast, although Three Points Center North

19

Carolina, LLC provided meals to staff such as Plaintiff during their scheduled work hours, and that Plaintiff and the other staff members involved were questioned about their conduct by Craig Butcher upon discovery of the missing food. Defendants expressly deny that Plaintiff or anyone else received a wage deduction for appropriating breakfast food inventory without authorization. The remaining allegations of Paragraph 72 are denied.

73. Defendants specifically deny Plaintiff's attempts to disparage, malign and inaccurately describe the operations of Three Points Center North Carolina, LLC or the other defendants. The remaining allegations of Paragraph 73 are denied.

74. The allegations of Paragraph 74 are admitted upon information and belief.

75. The allegations of Paragraph 75 are denied.

76. It is admitted that Plaintiff's employment with Three Points Center North Carolina, LLC was terminated on April 6, 2023. Except as expressly admitted, the remaining allegations of Paragraph 76 are denied.

77. The allegations of Paragraph 77 are denied.

78. The allegations of Paragraph 78 are denied.

79. The allegations of Paragraph 79 are denied.

80. The allegations of Paragraph 80 are specifically denied with respect to the word "boss." Defendants admit that Craig Butcher held the title

4889-7456-2423.v7

of Group Living Director with Three Points Center North Carolina, LLC at all times pertinent to the captioned lawsuit. The remaining allegations of Paragraph 80 are denied.

81.　It is denied that the partial quotes cited out of context in Paragraph 81 accurately reflect the content or context of Craig Butcher's communications with Plaintiff; the full text messages are writings that contain the best evidence of communications between Plaintiff and Craig Butcher. The remaining allegations of Paragraph 81 are denied.

82.　It is denied that the partial quotes cited out of context in Paragraph 82 accurately reflect the content or context of Craig Butcher's communications with Plaintiff; the full text messages are writings that contain the best evidence of communications between Plaintiff and Craig Butcher. The remaining allegations of Paragraph 82 are denied.

83.　The allegations of Paragraph 83 relate to Plaintiff's personal opinion and thus, no response is required. To the extent a response is required, the allegations in Paragraph 83 are denied.

84.　The allegations of Paragraph 84 are denied.

85.　It is denied that the purported partial quote from Plaintiff accurately reflects the content or context of communications between Craig Butcher and Plaintiff. The remaining allegations of Paragraph 85 are denied.

4889-7456-2423.v7

86.    It is denied that the purported partial quote cited in Paragraph 82 accurately reflects Craig Butcher's content or context of communications with Plaintiff. The remaining allegations of Paragraph 86 are denied.

87.    It is admitted that Plaintiff and others at Three Points Center North Carolina, LLC sometimes referred to Plaintiff as "T." The remaining allegations of Paragraph 87 are overly vague and ambiguous and thus, denied.

88.    Defendants lack sufficient knowledge or information to form a belief as to the allegations of opinions of others or the context of a partial text message copied and pasted into Paragraph 88, and the same are therefore denied. To the extent Paragraph 88 refers to text messages, such text messages are writings that contain the best evidence of their content. The remaining allegations contained in Paragraph 88 of the Complaint are denied.

89.    The allegations of Paragraph 89 are denied.

90.    The allegations of Paragraph 90 are denied.

91.    The allegations of Paragraph 91 are denied.

92.    The allegations of Paragraph 92 are denied.

### Count I
### (42 U.S.C. § 1981 –Intentional Retaliatory Termination)
### As to all Defendants

93.    The responses to the preceding paragraphs are incorporated by reference as if fully set forth herein.

4889-7456-2423.v7

94.    The allegations of Paragraph 94 call for a legal conclusion to which no response is required. To the extent a response is required, the cited statute speaks for itself.

95.    The allegations of Paragraph 95 call for a legal conclusion to which no response is required. To the extent a response is required, the cited statute and case law speak for themselves.

96.    The allegations of Paragraph 96 are denied.

97.    The allegations of Paragraph 97 are denied.

98.    The allegations of Paragraph 98, including all subparts, are denied.

99.    The allegations of Paragraph 99 are denied.

100.   The allegations of Paragraph 100 are denied.

101.   It is admitted that Craig Butcher explained to Plaintiff the context of Palmer's coaching not to use racial slurs, which Plaintiff had clearly misinterpreted and continues to describe inaccurately in this Complaint. The remaining allegations of Paragraph 101 are denied.

102.   It is admitted that Craig Butcher explained to Plaintiff the context of Palmer's coaching not to use racial slurs, which Plaintiff had clearly misinterpreted and continues to describe inaccurately in this Complaint. The remaining allegations of Paragraph 102 are denied.

23

103. It is denied that the partial quotes cited out of context in Paragraph 103 accurately reflect the content or context of Craig Butcher's communications with Plaintiff; the full text messages are writings that contain the best evidence of communications between Plaintiff and Craig Butcher. It is expressly denied that the partial quotes related to any purported protected activity of Plaintiff, which Defendants deny. The remaining allegations of Paragraph 103 are denied.

104. The allegations of Paragraph 104 are denied.

105. The allegations of Paragraph 105 are denied.

106. The allegations of Paragraph 106 are denied.

107. The allegations of Paragraph 107 are denied.

108. The allegations of Paragraph 108 are denied.

109. The allegations of Paragraph 109, including all sub-parts, are denied.

110. The allegations of Paragraph 110 are denied.

111. The allegations of Paragraph 111 are denied.

112. The allegations of Paragraph 112 are denied.

## Count II
### (Title VII - Retaliatory Termination)
### As to all LLC Defendants

113. The responses to the preceding paragraphs are incorporated by reference as of fully restated herein.

24

114.     It is admitted that Three Points Center of North Carolina was Plaintiff's employer from in or around December 2021 until April 6, 2022. Except as expressly admitted, the remaining allegations of Paragraph 114 are denied.

115.     The allegations of Paragraph 115 are denied.

116.     The allegations of Paragraph 116 are denied.

117.     The allegations of Paragraph 117 are denied.

118.     The allegations of Paragraph 118 are denied.

119.     The allegations of Paragraph 119 are denied.

120.     The allegations of Paragraph 120 are denied.

121.     The allegations of Paragraph 121 are denied.

122.     The allegations of Paragraph 122 are denied.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Defendants pray that the Court:

1.     Dismiss the Complaint in its entirety, with prejudice;

2.     Provide a trial by jury on all issues so triable;

3.     Deny all relief requested by Plaintiff;

4.     Tax the Defendants' costs of this action , including reasonable attorneys' fees to the full extent permitted under applicable law, including without limitation, Title VII, 42 U.S.C. §2000e-5, against the Plaintiff; and

4889-7456-2423.v7

5.  Grant Defendants such other relief as the Court deems just and

    proper.

Respectfully submitted, this the 25th day of August, 2023.


                                        /s/ D. Beth Langley
                                        D. BETH LANGLEY
                                        N.C. State Bar No. 19117
                                        Blangley@brookspierce.com
                                        Jimmy C. Chang
                                        N.C. State Bar No. 57429
                                        Jchang@brookspierce.com
                                        P.O. Box 26000
                                        Greensboro, North Carolina 27420
                                        Telephone:  (336) 271 – 3137
                                        Fax:          (336) 232 – 9107
                                        *Attorneys for Defendants*


OF COUNSEL:

BROOKS, PIERCE, MCLENDON,
   HUMPHREY & LEONARD, L.L.P.
Suite 2000 Renaissance Plaza
230 North Elm Street (27401)
Post Office Box 26000
Greensboro, NC 27420-6000
Telephone: (336) 373-8850
Facsimile: (336)-232-9090

4889-7456-2423.v7

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2023, I electronically filed the foregoing **DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT (Jury Trial Demanded)** with the Clerk of Court using the CM/ECF system, which will send notification via electronic mail to the following CM/ECF filer:

> Garrett L. Davis
> THE LAW OFFICE OF GARRETT DAVIS
> 555 S. Mangum Street, Suite 100
> Durham, NC 27701
> gd@garrettdavislaw.com
> Telephone: (919) 321-1203
> *Attorney for Plaintiff*

This the 25th day of August, 2023.

> /s/ D. Beth Langley
> D. BETH LANGLEY

4889-7456-2423.v7