# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

|  |  |  |
|---|---|---|
| TYLIYA J. NELSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:23CV527 |
| | ) | |
| THREE POINTS CENTER, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## CONSENT PROTECTIVE ORDER

This matter is before the Court on the Joint Motion for Entry of Consent Protective Order filed by Defendants on November 20, 2023 [Doc. 13] pursuant to Fed. R. Civ. P. 26(c) and Local Rule 26.2. It appears to the Court that good cause exists for granting the motion and entering a consent protective order, i.e., it appears "protected health information" of minors under the Health Insurance Portability Accountability Act and, possibly, "sensitive data" of minors under the Utah Consumer Privacy will be requested and produced during the course of discovery. Furthermore, it appears that confidential, commercially sensitive, proprietary, or financial information will be requested and produced during the course of litigation.

It is HEREBY ORDERED as follows:

1. **Purpose and Scope.**

This Order governs the use, designation, and handling of Confidential Discovery Materials, as defined herein. This Order applies to all products of discovery and all information

derived therefrom, including, but not limited to, all documents, data compilations, electronically stored information, computer disks, objects or things, deposition testimony, affidavits, responses to interrogatories, responses to request for admissions, responses to requests for production, responses to subpoena duces tecum or any other media on which information is recorded, and any copies, excerpts or summaries thereof, obtained by any party pursuant to the requirements of any court order, request for production of documents, request for admissions, interrogatory, or subpoena (collectively, "Discovery Materials"). This Order does not affect any person's or entity's use of its own information or documents, nor does it affect the use of any information or documents at trial.

2. **"Confidential" Material Defined.**

For the purposes of this Order, Discovery Materials may be designated as "Confidential" pursuant to Paragraph 5 of this Order. A Designating Entity may designate as "Confidential" any Discovery Material it reasonably and in good faith believes to contain trade secrets, proprietary business information, competitively sensitive information the disclosure of which would, in the good faith judgment of the Designating Entity, cause injury to the conduct of the Designating Entity's business, proprietary business information or competitively sensitive information of a third party and the Designating Entity has an obligation to keep the information confidential; information protected by a fiduciary duty, confidentiality agreement, or other legal obligation; confidential research, development, business, financial or commercial information; competitively sensitive trademark and/or copyright information used in or relating to the Designating Entity's business that is believed to be unknown or unavailable to the public; "protected health information" under the Health

2

Insurance Portability and Accountability Act (or "HIPAA")[1]or protected consumer information of any kind, including, but not limited to, "personal data" and "sensitive data" under the Utah Consumer Privacy Act (or "UCPA")[2]; other highly sensitive personal information; and/or any discovery material protected by the attorney-client privilege or work product doctrine.

As a general matter, case law protects the right of public access to documents filed in court and disfavors the filing of documents under seal unless other, less drastic alternatives will not afford adequate protection. Accordingly, the Parties are encouraged not to designate information as "Confidential" unless it is abundantly clear such information should not be made available to the public.

3. **"Confidential - Attorneys' Eyes Only" Material Defined.**

For the purposes of this Order, Discovery Materials may be designated as "Confidential – Attorneys' Eyes Only" pursuant to Paragraph 5 of this Order. A Designating Entity may designate as "Confidential – Attorneys' Eyes Only" any Discovery Material it reasonably and in good faith believes to contain protected health information, as set forth more fully in Paragraph 14, and sensitive data under the Utah Consumer Privacy Act, as set forth more fully in Paragraph 14.

---

[1] The protections of "protected health information" are more fully set forth in Paragraph 14 of this Order.

[2] "Personal data" is "information that is linked or reasonably linkable to an identified or identifiable individual." S.B. 227 § 13-61-101(24)(a). The protections of "sensitive data" are more fully set forth in Paragraph 14 of this Order.

The Parties are encouraged not to designate information as "Confidential – Attorneys' Eyes Only" unless it is abundantly clear such information constitutes protected health information under HIPAA and/or sensitive data under the UCPA.

**4.     Use of Designated Material.**

For the purposes of this Order, a "Designating Entity" is any Party to this litigation that is producing information or documents in discovery in this action, as well as any third party who is producing the material pursuant to a subpoena in this action.

For the purposes of this Order, "Designated Material" means any material that meets the definition of "Confidential" or "Confidential – Attorneys' Eyes Only" under this Order, and that has been so designated by any Designating Entity.

Unless otherwise expressly permitted by this Court or by express written agreement of the Parties, all Designated Material produced or discovered in this case shall be used solely for the prosecution or defense of this case, and shall not be used by any party, their counsel of record, or any other person to whom such Designated Material is disclosed for any other purpose, including, but not limited to, any other litigation or judicial proceedings, or any business, competitive, or commercial purpose or function. As described in Paragraph 14, any party filing designated material with the Court must seek to file such material under seal.

Nothing in this Order shall prevent disclosure beyond the terms of this Order if either the designating person consents in writing to such disclosure or the Court allows such disclosure upon good cause shown.

**5.     Procedure for Designating Material.**

A Designating Entity shall designate "Confidential" or "Confidential – Attorneys' Eyes Only" material in the following manners:

a. In the case of documents or other written materials, by affixing the word "Confidential" or the phrase "Confidential – Attorneys' Eyes Only" by stamp or other method which will make such word conspicuous to each page of the document the Designating Entity wishes to designate. Documents shall be so designated at or before the time of production.

b. In the case of electronic data, including but not limited to information produced on a hard drive, cd-rom, dvd-rom, thumb drive, electronic link, electronic mail attachments or other electronic media ("medium of production"), by providing written notice to all Parties requesting production identifying the material being designated as "Confidential" or "Confidential – Attorneys' Eyes Only." To the extent possible, the Designating Entity shall also label the medium of production with the appropriate designation. However, any failure or inability to affix such label to the medium of production shall not waive any protection provided by this Order. The party producing such information that is designated Confidential or Confidential – Attorneys' Eyes Only shall utilize a secure method of producing the information. The Party receiving such Confidential or Attorneys' Eyes Only Information under this sub-Paragraph shall then be responsible for appropriately labeling any printed version(s) of said Confidential Information which it creates after receiving

5

the information in electronic format and securely maintaining such Confidential Information to prevent disclosure in violation of this Order.

c.    In the case of depositions or other pretrial testimony in this action, by designating any portion or all of the testimony as "Confidential" or "Confidential – Attorneys' Eyes Only" by notifying the other Parties on the record during the testimony, or alternatively, such Entity may designate information by notifying all the Parties in writing, within thirty (30) days of the receipt of the transcript, of the specific pages and lines of the transcript which are to be regarded as "Confidential" or "Confidential – Attorneys' Eyes Only." The Parties shall automatically treat all information disclosed at a deposition as "Confidential" or "Confidential – Attorneys' Eyes Only" for thirty (30) days after receipt of the final version of the transcript.

d.    In the case of written discovery or pleadings, by affixing the word or phrase "Confidential" or "Confidential – Attorneys' Eyes Only" by stamp or other method to the portions so designated.

e.    Any information not reduced to documentary or physical form or which cannot be conveniently labeled shall be so designated by the Designating Entity by serving a written notification on each receiving Party.

A receiving Party may designate as "Confidential" or "Confidential – Attorneys' Eyes Only" any Discovery Material that has no confidentiality designation. Such retroactive designation by the receiving Party shall be made in writing and it shall be the obligation of the receiving Party (now Designating Entity) to provide the other Part(ies) with the revised copy of

6

the information being retroactively designated containing the proper confidentiality designations within thirty (30) days of the date on which, exercising reasonable diligence, that designating Party becomes aware of their production, subject to the right of the Parties to challenge the designation.

Upon receiving Discovery Materials in response to a subpoena, the receiving Party shall immediately transmit copies of the Discovery Materials to all other Parties, by secured electronic delivery if reasonably practicable. All Parties shall treat such Discovery Material as "Confidential" for five (5) business days after the Discovery Material has been delivered to the Parties. During that five (5) business-day period, any Party may designate as "Confidential" or "Confidential – Attorneys' Eyes Only" any such Discovery Material that has no confidentiality designation. Such retroactive designation shall be made in writing and it shall be the obligation of the Designating Entity to provide the other Parties with the revised copy of the information being retroactively designated containing the proper confidentiality designations, subject to the right of the other Parties to challenge the designation.

6. **Permissible Disclosures of "Confidential" and "Confidential – Attorneys' Eyes Only" Material.**

Except as otherwise agreed by the Designating Entity or as ordered by the Court, material designated as "Confidential" or "Confidential – Attorneys' Eyes Only" may be disclosed to and used only by:

a. counsel of record for the Parties in this case and their partners, associates, secretaries, legal assistants, employees, litigation support vendors, and copy service vendors, to the extent reasonably necessary to render professional services in this case;

7

b.      the Court or the jury at trial or as exhibits to motions, unless otherwise limited by Court order;

c.      court officials involved in this case (including court reporters and persons operating video recording equipment at depositions);

d.      the author of the document and each recipient of a copy of the document, only insofar as the author or recipient is identified on the face of the document, and only insofar as the author is entitled to view the document under applicable law;

e.      the Parties in this case, including any employees and corporate affiliates, to the extent reasonably necessary to render professional services in this case and/or to assist with the prosecution or defense of this case, unless a document has been designated as "Confidential – Attorneys Eyes Only", in which case, the material may **not** be disclosed to such persons;

f.      subject to the limitations below, any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

g.      subject to the limitations below, persons in this case noticed for depositions or designated as trial witnesses, only to the extent reasonably necessary in order to conduct the examination of such person or to prepare such person to testify;

h.      subject to the limitations below, outside consultants or outside experts in this case, including their support personnel, retained for the purpose

8

of assisting counsel of record or inside counsel of the Parties in this case or to serve as an expert witness in this case; and

    i.    subject to the limitations below, any mediator in this case.

The Parties shall obtain from any individual to whom disclosure is to be made under subparagraphs (f) through (i) above a signed Acknowledgement of Protective Order, attached hereto as <u>Exhibit A</u>, prior to such disclosure.  Counsel providing access to such material shall retain copies of the executed Acknowledgement(s) and shall produce such Acknowledgement(s) to the Parties upon request.

    **7.**    **Inadvertent Disclosures.**

    a.    The Parties agree that in the event the producing Party or other person inadvertently fails to designate materials hereunder, it may make such a designation subsequently by notifying all persons and Parties to whom such materials were produced, in writing, within fourteen (14) days of the producing Party first discovering such inadvertent disclosure.  In no event, however, may a producing Party or other person designate or re-designate inadvertently produced materials within thirty (30) days prior to trial. After receipt of such notification, the persons to whom production has been made shall prospectively treat the designated materials as "Confidential" or "Confidential – Attorneys' Eyes Only" material, subject to their right to dispute such designation in accordance with Paragraph 8.  The receiving Party shall not be in violation of this Protective Order for any disclosure of information made prior to receiving such notification.

    b.    With regard to privileged information or documents, nothing herein shall be deemed to waive or limit any applicable privilege or work product or other protection, or to

9

affect the ability of a Party to seek relief for an inadvertent disclosure of matter protected by privilege or work product protection. If a Party or Non-Party inadvertently produces discovery materials that it in good faith later asserts to be privileged or otherwise protected from disclosure, the production of that matter will not constitute a waiver of any applicable privileges or other protection, provided the producing Party or Non-Party complies with this Paragraph. In such circumstances, the producing Party or Non-Party must, promptly after discovery of the inadvertent production, notify in writing all Parties to the Action in which the matter was inadvertently produced of the inadvertent production and the basis for the privilege or other protection, and request in writing the return or confirmed destruction of the inadvertently produced privileged or protected matter. Upon such notification, the Parties shall treat the matter as privileged or protected unless and until the Parties agree otherwise or the Court determines the matter is not privileged or protected. Within five (5) business days of receiving such notification, all receiving Parties shall (a) return the matter to the producing Party or Non-Party; or (b) confirm in writing to the producing Party or Non-Party the destruction of all such matter, including all excerpts, summaries, compilations, and other documents or records that include, communicate or reveal matter claimed to be privileged or protected, or (c) notify the producing Party or Non-Party in writing of the basis for its disagreement that such matter is privileged or protected from disclosure. In the last event only, the receiving Party or Parties may retain one copy of the matter asserted to be privileged for the sole purpose of responding to a motion by the producing Party or Non-Party to deem the matter privileged or protected from disclosure and shall comply with (a) or (b) above with respect to all other copies of such matter and all other documents or records that include,

10

communicate or reveal matter claimed to be privileged or protected. Should the Parties be unable to agree on whether the matter is privileged or protected, the producing Party or Non-Party shall file a motion with the Court within fifteen (15) days of its receipt of the receiving party's notice of disagreement under (c) above, to deem the matter privileged or protected and to obtain the return of any copy of such matter still held by the receiving Party. In no event shall production of any privileged information be deemed a waiver of privilege regarding any other information.

8. **Designations of Material in Filings.**

Without written permission from the Designating Party or a court order, all Designated Material filed with or submitted to the Court shall be provisionally redacted, filed under seal and accompanied by a motion that the material be placed under seal in accordance with the Court's Local Civil Rules. The Parties shall seek the assistance of the trial court in protecting the confidentiality of Designated Materials in any pre-trial or post-trial hearings.

It is understood by the Parties that any documents which become part of an official judicial proceeding or which are filed with the Court are public documents, and that such documents can and will be sealed by the Court only upon motion and in accordance with applicable law. This Protective Order does not provide for the automatic sealing of such documents. The fact that Designated Materials have been designated as "Confidential" or "Confidential – Attorneys' Eyes Only" shall not constitute dispositive proof that the Materials in fact contain confidential information entitled to protection from disclosure under law. The provisions of Local Civil Rules 5.4 and 79.4 regarding sealed documents shall supersede any contrary terms in this Paragraph. Any person submitting documents under seal pursuant to

11

this Stipulated Protective Order shall submit with them a motion to seal and shall otherwise comply with Local Civil Rules 5.4 and 79.4.

In addition, if the Party filing the motion to seal is not the Party claiming confidentiality, the filing Party must meet and confer with the Party claiming confidentiality as soon as practicable, but at least two (2) business days before filing the documents, to discuss narrowing the claim of confidentiality and less restrictive measures, such as redactions, that will address confidentiality concerns without the need to file under seal. The motion to seal must certify that the required conference has occurred, and the Party claiming confidentiality must file supporting materials required by Local Civil Rule 5.4(c)(3) within 14 days of the motion to seal.

Nothing in this Order shall be construed to limit the evidence that any Party may offer at hearing or at trial, nor shall it be construed to limit any claim or defense of any Party.

### 9. Relief from Protective Order.

This Order shall be without prejudice to the right of any Party to oppose production of any information on any ground, except confidentiality.

Any Party may at any time request, in writing, from any Designating Entity the removal of a designation of documents, material, information, or things as "Confidential" or "Confidential – Attorneys' Eyes Only." Upon receipt of such request, the Parties shall confer in good faith as to the status of the subject information. If the Parties are unable to agree upon the status of the subject information, any Party may, upon reasonable notice to the opposing Party's counsel, move for an order relieving them of the provisions of this Order for good cause shown to be determined by the Court, or may, upon reasonable notice, challenge a designation by

motion to the Court. In such instances, the Designating Entity shall bear the burden of establishing that the challenged documents, material, information, or things are entitled to protection under this Protective Order. Until the Court enters an Order changing the designation, such material shall be subject to the restrictions initially assigned to it and provided for it in this Protective Order. The Parties hereto retain the right to apply to the Court for an order affording additional protection to any material produced herein as the circumstances may warrant.

10.   **Subpoena by Other Courts or Agencies.**

If another federal or state court or an administrative agency subpoenas or otherwise orders production of "Confidential" or "Confidential – Attorneys' Eyes Only" material that a person has designated under the terms of this Order, the person to whom the subpoena or other process is directed shall (1) promptly object to the production of such material by setting forth the existence and force of this Protective Order and (2) notify the Designating Entity of the subpoena or order within three (3) business days of receiving such subpoena and provide a complete copy of the subpoena or order to the Designating Entity. The person to whom the subpoena or other process is directed shall not produce the documents or information until the earlier of ten (10) days after providing notice or the return date of the subpoena or other process, but in no event less than five (5) business days after providing written notice.

11.   **Non-Termination.**

This Order shall survive the final conclusion of this case and shall continue in full force and effect, and the Court shall retain jurisdiction to enforce this Order. Within ninety (90) days after the final conclusion of this case (including the contemplation of any appeals), all

13

Designated Material produced in this litigation shall, upon request of the Designating Entity, be either destroyed or returned to that entity. This Paragraph shall not be construed to require the return or destruction of any regularly maintained litigation files held by the attorneys of record for each Party as archival records or other attorney work-product created for any Party. Any Confidential Information, or portions or excerpts thereof, which are not destroyed shall remain subject to the terms of this Order.

## 12. Modification and Non-Waiver.

Nothing in this Order shall prevent any Party or other person from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper. The designation or non-designation of information shall not affect the materiality, relevance, or admissibility of any information, except as set forth herein.

## 13. Improper Disclosure of Designated Material.

If a Party learns that, by inadvertence or otherwise, it has disclosed Confidential Information designated by another Party or non-party to any person or in any circumstance no authorized under this Order, the Party must immediately (a) notify in writing the producing or Designating Entity of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Confidential Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute a Joinder. In addition, the receiving Party shall use its best efforts to ensure that the information that was inadvertently disclosed is thereafter restricted to only those persons entitled to receive Confidential Information under the terms set forth herein.

## 14. Protected Health Information and Sensitive Consumer Data.

In addition to the other terms and conditions of this Order, including but not limited to all other restrictions and obligations set forth in this Order related to the use or disclosure of the products of discovery and all information derived therefrom, the terms and conditions of this Section 14 are applicable to all products of discovery and all information derived therefrom that contain "protected health information" under HIPAA or "sensitive data" under the UCPA (as defined below).

a.      For the purposes of this qualified protective order, the term "protected health information" shall have the meaning set forth in 45 C.F.R. § 160.103.  For the purposes of this qualified protective order, the term "sensitive data" shall have the meaning set forth in S.B. 227 § 13-61-101.

b.      All "covered entities" (as defined by 45 C.F.R. § 160.103)[3] are hereby authorized to disclose protected health information and sensitive data in the course of the above-captioned litigation, including without limitation to the attorneys representing the Plaintiff and Defendants herein, in response to a subpoena, discovery request, or other lawful process.

c.      Subject to the other restrictions and obligations set forth in this Order related to the use or disclosure of the products of discovery and all information derived therefrom, the Parties and their attorneys shall be permitted to use or disclose the protected health information or sensitive data only as necessary for prosecuting or defending this action, including any appeals of this case.  This includes, but is not limited to, disclosure to a Party's

---

[3] "Covered entity" under the UCPA means the same as that term is defined in 45 C.F.R. Sec. 160.103.

attorneys, experts, consultants, court personnel, court reporters, copy services, trial consultants, and other entities or persons involved in the litigation process.

d.      Before disclosing protected health information or sensitive data to any person for the purpose of prosecuting or defending this litigation, counsel for the Party making the disclosure shall inform each such person that protected health information or sensitive data may not be used or disclosed for any purpose other than this litigation and shall obtain from the person a signed Acknowledgement of Protective Order in the form of Exhibit A.

e.      Within 90 days after the conclusion of the litigation including appeals, the Parties, their attorneys, and any person to whom protected health information or sensitive data has been disclosed shall return to the covered entity or destroy any and all copies of protected health information or sensitive data that is subject to this Paragraph and in their possession or control, except that counsel are not required to secure the return or destruction of protected health information submitted to the court.

f.      This Order does not control or limit the use of protected health information or sensitive data that comes into the possession of the Parties or their attorneys from a source other than a "covered entity" or "business associate," as those terms are defined in 45 C.F.R. § 160.103, which protected health information or sensitive data is not subject to the requirements this Paragraph 14

g.      Nothing in this Order authorizes counsel to obtain medical records or information, or sensitive data, through means other than formal discovery requests, subpoenas, depositions, pursuant to a patient authorization, or other lawful process.

16

**15.  Effectiveness.**

This Order shall be effective as an Order of the Court upon its entry by the Court, and shall be binding upon all persons so affected.

/s/ Joe L. Webster
_____
United States Magistrate Judge

IT IS SO ORDERED, this the 21st of November, 2023.

Consented To:

THE LAW OFFICE OF GARRETT
DAVIS

/s/ Garrett L. Davis
Garrett L. Davis
N.C. State Bar No. 52605
gd@garrettdavislaw.com
555 S. Mangum Street
Suite 100
Durham, NC 27701
Telephone: (919) 321-1203
*Attorney for Plaintiff*

BROOKS, PIERCE, McLENDON,
HUMPHREY & LEONARD, L.L.P.

/s/ Jimmy C. Chang
D. Beth Langley
N.C. State Bar No. 19117
blangley@brookspierce.com
Jimmy C. Chang
jchang@brookspierce.com
N.C. State Bar No. 57429
230 N. Elm Street
Suite 2000
Greensboro, NC 27401
Telephone: (336) 373-8850
Fax: (336) 232-9107
*Attorneys for Defendants*

EXHIBIT A
Acknowledgement of Protective Order

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:23-cv-527

| | |
|---|---|
| TYLIYA J. NELSON | |
| Plaintiff | |
| v. | |
| THREE POINTS CENTER, LLC; THREE POINTS CENTER NORTH CAROLINA, LLC; THREE POINTS PROPERTIES, LLC; THREE POINTS PROPERTIES NORTH CAROLINA, LLC; THREE POINTS ACADEMY, INC., & THANE PALMER | **ACKNOWLEDGMENT OF PROTECTIVE ORDER** |
| Defendants. | |

1.      I hereby attest to my understanding that material, information or documents designated as "Confidential" or "Confidential – Attorneys' Eyes Only" are provided to me subject to the Protective Order ("Order") dated _____ _____, 20__, in the above-captioned litigation (the "Litigation"); that I have been given a copy of and have read the Order; and that I agree to be bound by its terms.  I also understand that my execution of this Acknowledgement of Protective Order, indicating my agreement to be bound by the Order, is a prerequisite to my review of any information or documents designated pursuant to the Order.

2.      I further agree that I shall not disclose to others, except in accord with the Order, any "Confidential" or "Confidential – Attorneys' Eyes Only" material, in any form whatsoever, and that such material and the information contained therein may be used only

for the purposes authorized by the Order.  I agree that any materials that I create that contain information that has been designated as "Confidential" or "Confidential – Attorneys' Eyes Only" is also protected by the Order to the same extent as the original Designated Materials.

3.      I attest that I have read Paragraph 14 of the Protective Order regarding protected health information ("PHI") under HIPAA and that I understand my obligations to abide by all requirements governing PHI.

4.      I further attest that I have read Paragraph 14 of the Protective Order regarding sensitive data under the UCPA and that I understand my obligations to abide by all requirements governing sensitive data.

4.      I further agree to return all copies of any Designated Material I have received to counsel who provided them to me upon completion of the purpose for which they were provided and no later than sixty (60) days after the conclusion of this case.

5.      I further agree and attest to my understanding that my obligation to honor the confidentiality of Designated Material will continue even after this case concludes.

6.      I further agree and attest to my understanding that, if I fail to abide by the terms of the Order, I may be subject to sanctions, including contempt of court, for such failure.  I agree to be subject to the jurisdiction of the Court presiding over this action, for the purposes of any proceedings relating to enforcement of the Order.

7.      I further agree to be bound by and to comply with the terms of the Order as soon as I sign this Acknowledgement of Protective Order, regardless of whether the Order has been entered by the Court.

By: _____ [signature]

_____ [printed name]

_____ [title]

_____ [organization/company]

Date: _____